[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO MODIFY CUSTODY (FILE #191)
In the Memorandum of Decision dated July 20, 1987 dissolving the marriage of the parties, on the question of custody the court ruled:
 "Custody of the children is awarded jointly to the parties with their primary residence to be with the defendant."
The plaintiff's present motion petitions the court "to modify the current joint custody order and to grant her sole custody of the minor children and to move their present place of residence to her residence."
The plaintiff in the meantime has remarried and lives in Southington. Michael is now 14, and Kyle is 9. The matter was heard on six days in July, August and October.
Whatever their character and morals are otherwise, the court does not recall any testimony that either party was not a loving and conscientious parent in their own ways.
In any event the court must follow the rule of Section 46b-56 of the General Statutes that "in making or modifying any order with respect to custody. . . .the court shall be guided by the best interests of the child. . .".
Both children are now living with the defendant in Shelton. They go to school there and are doing well academically, Michael is involved with the athletic program of the schools and is a good athlete with great promise.
Michael says he wants to stay with the defendant. CT Page 2796
Kyle is ambivalent but has said he wants to live with the plaintiff.
The situation is complicated by the fact that both children want to stay together. The attorneys and the parties all want the children to be kept together. The court accordingly ruled that it would respect this desire and that it would not separate the children.
The two children are completely different as one would guess from their ages.
Kyle is very yong, childish in his attitude and unsure of himself he has latched onto Michael as a person to follow and be guided by.
Michael is more mature, sure of himself, interested in sports, and in girls.
Of the two the court finds that Kyle needs the court's protection because he seemed to be overlooked by everyone in the hearings. Although he has lived with the defendant since the marriage was dissolved he has looked to Michael for support and guidance rather than to the defendant.
The court believes that the defendant concentrated on developing Michael's athletic ability in which the defendant as an athletic coach was naturally interested, and did not devote the time to draw Kyle to himself. The court also believes that the plaintiff will give Kyle the attention he has not gotten from the defendant.
The court consequently finds that it would be in the best interest of Kyle to live with the plaintiff. In view of the court's ruling about not separating the children, Michael has to go along with Kyle and live with the plaintiff. If there were no such agreement by all, the court would separate the children.
The court's original ruling concerning custody is modified to read: "Custody of the children is awarded jointly to the parties with their primary residence to be with the plaintiff."
The defendant shall have visitation with the children from Friday at 5:30 P.M. to Monday at 8:00 A.M. The court's original other order concerning visitation is reaffirmed and is not changed in any way.
No support order was entered originally and none is made CT Page 2797 now.
These orders shall be effective January 2, 1991.
THOMAS J. O'SULLIVAN, TRIAL REFEREE